**SO ORDERED.**

**SIGNED this 20 day of April, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

CONSTRUCTION SUPERVISION SERVICES,        CHAPTER 11
INC.,                                                                               CASE NO. 12-00569-8-RDD

       DEBTOR

**ORDER DENYING MOTION FOR A STAY PENDING APPEAL**

Pending before the Court is the Emergency Motion for a Stay Pending Appeal of the Orders Determining Extent of the Automatic Stay filed by Branch Banking and Trust Company ("BB&T") on March 30, 2012, the Response in Opposition to BB&T's Emergency Motion for a Stay Pending Appeal of the Orders Determining Extent of the Automatic Stay filed by Neff Rental, LLC on April 16, 2012, the Objection to BB&T's Emergency Motion for a Stay Pending Appeal of the Orders Determining Extent of the Automatic Stay filed by Hanson Aggregates Southeast LLC, Couch Oil Company of Durham, Inc. and R.W. Moore Equipment Co. on April 17, 2012; the Objection to Emergency Motion for Stay Pending Appeal of the Orders Determining Extent of the Automatic Stay filed by Gregory Poole Equipment Company, Waterworks Supply, Inc., MSC Waterworks Company, Inc., Thomas Concrete of Carolina, Inc., and The John R. McAdams Company, Inc. on April 17, 2012; and the Response in Opposition to BB&T's Emergency Motion for a Stay Pending Appeal of

the Orders Determining Extent of the Automatic Stay filed by EPOCH Properties on April 17, 2012. The Court conducted a hearing on April 18, 2012 to consider these matters.

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 24, 2012 and is operating as a debtor in possession. On March 14, 2012, this Court entered the Order on the Emergency Motion for Order to Determine Extent of Stay, and, in the Alternative, for Order Granting Relief from Stay to Perfect Liens under Chapter 44A of the North Carolina General Statutes, and the Order on the Motion for Determination of the Extent of the Stay, and, in the Alternative, for Granting Relief from Stay to Perfect Liens Pursuant to Chapter 44A of the North Carolina General Statutes (the "Lien Orders"). The Lien Orders found that the postpetition service of a North Carolina statutory claim of lien on funds and the right to assert by subrogation the lien rights of the contractor against the real property pursuant to N.C.G.S. § 44A-23 are permitted exceptions to the automatic stay pursuant to 11 U.S.C. § 362(b)(3). The Lien Orders found that no motion to lift, terminate or modify the automatic stay was required to file a notice of claim of lien on funds.

On March 23, 2012, BB&T filed its notice of appeal. On March 30, 2012, BB&T filed its emergency motion for a stay pending appeal, seeking a stay of the Lien Orders. Federal Rule of Bankruptcy Procedure 8005 authorizes a court to stay the enforcement of a bankruptcy court order pending appeal.

A party seeking a stay pending appeal must show:

(1)     that it is likely to succeed on the merits of its appeal;

(2)     that it is likely to suffer irreparable harm absent a stay;

(3)     that the other parties will not be substantially harmed by a stay [in that the balance of equities tips in the movant's favor]; and

(4)     that the public interest will be served by staying the bankruptcy court's order.

*In re Bannerman Holdings, LLC*, 2011 WL 284161 (E.D.N.C. Jan. 26, 2011) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008)). BB&T has not met this test.

BB&T contends that it is likely to prevail on the merits of the appeal and believes that its position is buttressed by two earlier opinions entered in this district: *In re Harrelson Utilities, Inc.*, Case No. 09-02815-8-ATS (Bankr. E.D.N.C. July 30, 2009) and *In re Shearin Family Investments, LLC*, Case No. 08-07082-8-JRL (Bankr. E.D.N.C. April 17, 2009). BB&T contends that these opinions provide that filing a postpetition notice of claim of lien upon funds is a violation of the automatic stay and that in light of these opinions, the Lien Orders represent the "minority" view in this district. The U.S. District Court for the Eastern District of North Carolina, however, has provided some guidance to indicate that the success of BB&T on the merits of its appeal is not likely. On February 23, 2012, the Honorable Malcolm J. Howard, Senior United States District Judge for the Eastern District of North Carolina, issued an order finding the appeal moot in Ferguson Enterprises, Inc. of Virginia v. Mammoth Grading, Inc. No. 5:10-cv-0316-H.  *Ferguson Enterprises, Inc. of Virginia v. Mammoth Grading, Inc.*, No. 5:10-cv-316-H at 4 (E.D.N.C. Feb. 23, 2012).  While the U.S. District Court was "constrained to dismiss [the] appeal" based on mootness, the Court questioned whether postpetition filing and service of claims of liens and notices of claims of liens filed by subcontractors are barred by the automatic stay imposed by 11 U.S.C. § 362. *Id.* at 4.  The U.S. District Court noted that "North Carolina subcontractors supplying labor or materials for construction projects have long operated upon the assumption that Chapter 44A of the North Carolina General Statutes provides them with inchoate lien rights that arise upon the furnishing of work or materials." *Id.* at 3 (comparing *Equitable Life Assurance Soc'y of U.S. v. Basnight*, 234 N.C. 347, 352 (1951) which provides "[a] contractor's

3

lien on real property is inchoate until perfected by compliance with legal requirements, and is lost if the steps required for its perfection are not taken in the manner and within the time prescribed by law."). As a result, the U.S. District Court expressed its concerns with the Bankruptcy Court's rulings in Mammoth Grading and Harrelson Utilities and noted that the decisions had "turned the construction industry's standard operating procedure on its head." *Id.* at 4. The issue before the U.S. District Court was the very issue addressed in the Harrelson Utilities cases and in the Lien Orders. While the U.S. District Court's comments were dicta, at the very least the comments required this Bankruptcy Court to take a second look at the Harrelson Utilities and Mammoth Grading cases. Thus, the Court finds that BB&T has failed to show that it is likely to prevail on the merits of the appeal.

BB&T contends it will suffer irreparable harm absent a stay because the Lien Orders authorize laborers and suppliers with prepetition claims to assert a priority lien in funds owed to the Debtor, notwithstanding BB&T's security interest in the Debtor's accounts receivable. The Debtor executed four promissory notes in favor of BB&T. At the hearing, counsel for BB&T represented that the notes have an approximate payoff exclusive of fees and costs in excess of $1,259,788.65. BB&T is secured by the Debtor's real property, accounts receivable, general intangibles, supporting obligations and products thereof. According to Schedule A, the real property is valued at $1,050,000.00. BB&T agrees with this value. BB&T represented the outstanding accounts receivable total approximately $2,800,000.00 and that as of March 2012, the total amount of asserted claims total approximately $1,594,594.00. In addition to the outstanding accounts receivable, pursuant to paragraph five of the order authorizing debtor to use cash collateral, BB&T has a security interest in any receivables from postpetition projects of the Debtor and in any prepetition projects which have a positive contract balance after the lien claims are paid. BB&T holds a first lien position on the real property and is also

secured by account receivables. Further, pursuant to the current cash collateral order, BB&T is receiving adequate protection payments. Therefore, the Court finds BB&T has not shown it will suffer irreparable harm absent a stay.

BB&T contends that the other parties will not be substantially harmed by the stay. The Court disagrees and finds that the lien claimants would be substantially harmed in light of the fact that the monies on which the lien claimants are claiming liens, which in the Court's opinion they are entitled to claim and to be paid, would not be available, which would harm their business and their ability to complete jobs that are underway. Further, Debtor's counsel represents that staying the Lien Orders pending appeal would be "disastrous" for the Debtor. Counsel represents that the Debtor is currently stabilized and its subcontractors and material suppliers are comfortable again operating with the Lien Orders. Counsel represents that having the Lien Orders stayed will destabilize the Debtor and its credibility. The Court finds that BB&T has failed to show that other parties will not be substantially harmed by the stay.

BB&T contends that the public interest will be served by staying the Lien Orders, because as it now stands, there are conflicting bankruptcy court opinions in this district which will result in the rules applicable to bankrupt construction companies and their creditors being determined based on case assignment. Many districts have conflicting rulings on questions of law which are best resolved by the appellate process. The Court finds that the public interest will not be served by staying the Lien Orders. Since the entry of the Lien Orders, the Debtor and various contractors and subcontractors have been working to resolve issues to facilitate the completion of projects. Maintaining the status quo, after the entry of the Lien Orders, will stabilize commercial expectations among the Debtor and its various contractors and subcontractors and will facilitate their reliance thereon.

5

BB&T has failed to meet the requirements for this Court to enter a stay pending the appeal of the Lien Orders. Therefore, BB&T's motion to stay the Lien Orders is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**