UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 5:12-CV-533-BO

BRANCH BANKING AND TRUST )
COMPANY, )
 )
    Appellant, )
 )
v. )    **ORDER**
 )
HANSON AGGREGATES )
SOUTHEAST, LLC, et al., )
 )
    Appellees. )

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

This matter is before the Court on Branch Banking and Trust Company's ("BB&T's") appeal from the bankruptcy court's orders entered on March 14, 2012 (hereinafter collectively referred to as the "Order"). Also pending before the Court is Appellee MSC Waterworks Company, Inc.'s unopposed motion to remove itself from the matter before this Court [DE 27]. Appellee MSC Waterworks motion is GRANTED. For the reasons stated herein, the Bankruptcy Court's Order of March 14, 2012 is AFFIRMED.

**BACKGROUND**

The debtor filed a Chapter 11 petition for relief on January 24, 2012 and is operating as a debtor in possession. The debtor is a construction company and the lien claimant appellees are unpaid suppliers. On various construction projects the lien claimants served as first-tier subcontractors or second-tier suppliers depending on the scope and nature of the project. As is the industry practice, the lien claimants would supply materials and equipment requested by the

1

debtor on open accounts. Invoices would be generated as supplies were delivered to construction sites. Given several recent unfavorable bankruptcy court rulings, the lien claimants requested that the bankruptcy court rule on whether their postpetition service of notices of claims of liens on funds violated the Bankruptcy Code's automatic stay provision. Bankruptcy Judge Doub ruled that those notices were excepted from the automatic stay. BB&T appeals that Order.

## DISCUSSION

At issue in this bankruptcy appeal is whether postpetition service of notices of liens arising under Chapter 44A of the North Carolina General Statutes is exempt from the bankruptcy code's automatic stay such that the lienholders might perfect their property interests after the filing of the bankruptcy petition. Section 44A-18[1] provides that:

> Upon compliance with this Article:
> (1) A first tier subcontractor who furnished labor, materials, or rental equipment at the site of the improvement shall be entitled to a lien upon funds that are owed to the contractor with whom the first tier subcontractor dealt and that arise out of the improvement on which the first tier subcontractor worked or furnished materials.
> . . .
> (5) The liens upon funds granted under this section shall secure amounts earned by the lien claimant as a result of having furnished labor, materials, or rental equipment at the site of the improvement . . . whether or not such amounts are due and whether or not performance or delivery is complete. . .
> (6) A lien upon funds granted under this section is perfected upon the giving of notice of claim of lien upon funds in writing to the obligor as provided in G.S. 44A-19 and shall be effective upon the obligor's receipt of the notice. . .

Section 362(b)(3) of the Bankruptcy Code excepts from the automatic stay "any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) . . " 11 U.S.C. § 362(b)(3). Appellant argues that because the lien claimants' notices of claims of liens had not been served

---

[1] A revised version of N.C.G.S. ' 44A-18 went into effect on January 1, 2013. The Court relies on the version of the statute previously in effect.

prior to the filing of the bankruptcy petition the appellees did not have an "interest in property", as described in 362(b)(3).

North Carolina courts have considered when such a property interest is formed. In *Contract Steel Sales, Inc. v. Freedom Construction Co.*, 321 N.C. 215, 220 (1987) the North Carolina Supreme Court found that a "subcontractor must prove performance of his contract to enforce the lien, but need not show such performance in order to *assert his entitlement* to the lien. For this entitlement, he need only show that the materials were delivered to the site of the improvement. Having made such a showing here, [subcontractor] is entitled to its lien if it is properly perfected. . ." Further, a plain reading of the North Carolina statute supports the notion that the interest in property arises at the time the first materials are furnished – not at the time the notice of the lien is served. The appellant has stated that a plain reading of the statute requires "compliance with this article" in the form of service of the notice before a property interest is actually created. However, the Court is particularly persuaded by the language contained in N.C.G.S. 44A-18(5) providing that the lien is secured regardless of whether the obligation is yet due or the work is yet fully completed. Moreover, the simple provision of materials or labor is sufficient to constitute compliance with the article.

Appellant also pointed to this Court's order in *Precision Walls v. Crampton*. In that case this Court found that claims of liens on funds had not been perfected because the claimants had failed to serve notice. *Precision Walls, Inc. v. Crampton*, 196 B.R. 299 (E.D.N.C. 1996). Because the liens at issue in that case were not perfected the creditors were unsecured and not entitled to preference even though they had already received payment. The Court held that possession of payment did not constitute independent grounds for perfection where North Carolina had a statutory perfection by notice requirement. Appellant argued that *Precision Walls* is analogous to

the instant matter. However, here the claimants are attempting to comply with the notice requirement and the issue presented to the Court, unlike that in *Precision Walls*, is whether the claimants have a property interest. In its *Precision Walls* order, this Court noted that had the claimant served the proper statutory notice "then its receipt of funds subsequent to perfection would not be avoidable by the trustee because appellant would be a secured creditor under North Carolina law." 196 B.R. at 303. Contrary to the appellant's position, the Court's approach in *Precision Walls* supports a finding that the instant claimants had a prepetition property interest.

In addition to questions of perfection, this Court has previously considered when an interest in property arising from a materialmen or mechanics lien is created and whether it falls under the § 362(b)(3) exception. In order to fit within the exception to the stay, three elements must be present: "(1) an 'act to perfect'; (2) an 'interest in property'; and (3) a statute authorizing perfection in accordance with section 546(b)(1)(A)." *Ivester v. Miller,* 398 B.R. 408, 423 (M.D.N.C. 2008) (citations omitted). In *Ferguson Enterprises, Inc. v. Mammoth Grading, Inc.,* 5:10-CV-316-H (2012), Judge Howard addressed the second element and stated, "[t]he bankruptcy court below held that a subcontractor's lien rights do not constitute "an interest in property" within the meaning of the Bankruptcy Code Section 362(b)(3)'s exception to the automatic stay, . . . and that post-petition claims of liens and notices of claims of liens are invalid and unenforceable. In so ruling, the bankruptcy court has turned the construction industry's standard operating procedure on its head. This Court questions whether the bankruptcy court's rulings below are in accord with North Carolina Statutory law and the constitutional protections afforded laborers and materialmen by Article X Section 3 of the North Carolina Constitution." Due to the procedural posture of the case before Judge Howard his findings were rendered mere

4

dicta. However, his words are persuasive and present a realistic view of the use of claims of lien and notices of claims of liens in the construction industry.

Appellees furthered their argument by drawing a parallel between the liens at issue here and the purchase money security interest protected under the Uniform Commercial Code. The purchase money security interest exists at the time of the financing transaction, but a creditor's priority must be perfected — often by filing a UCC financing statement. The filing of the financing statement does nothing to affect the existence of the security interest it merely confirms the creditor's priority. Here, the notices of claims of liens upon funds serve a purpose similar to the UCC financing statement. As its name implies the notice of claim of lien upon funds functions as a notice of, rather than the basis for, the claimant's property interest in the funds.

On the other hand, appellant BB&T relied on a trilogy of recent bankruptcy cases – *Shearin, Harrelson,* and *Mammoth*[2] – that departed from the industry standard articulated by Judge Howard and found that no property interest exists until the notice of the claim of lien is served. *See* In re *Shearin Family Investments, LLC*, 2009 WL 1076818 (Bankr. E.D.N.C. 2009); In re *Harrelson Utilities, Inc.*, 2009 WL 2382570 (Bankr. E.D.N.C. 2009); and In re *Mammoth Grading, Inc.*, No. 09-01286-8-ATS (Bankr. E.D.N.C. 2009). These 2009 cases found that lien claimants that had not served notices of claims of liens had no property interest at the time of the filing of the bankruptcy petition and therefore were subject to the automatic stay. Nevertheless, in response to Judge Howard's dicta in *Ferguson Enterprises*, Bankruptcy Judge Doub broke with the *Shearin/Harrelson/Mammoth* line of cases and held that the service of such lien notices is covered by the exceptions to the automatic stay and should be allowed. In his order, Judge

---

[2] Notably, *Harrelson* and *Mammoth* were consolidated on appeal and heard by Judge Howard on a motion to dismiss in *Ferguson Enterprises*, cited above.

Doub highlighted one of the policy objectives of North Carolina construction lien law: to foster the health of the construction industry by offering security to suppliers who risk non-payment by extending labor and material to contractors and subcontractors on credit. *See Electric Supply Co. of Durham, Inc. v. Swain Elec. Co., Inc.*, 328 N.C. 651, 659 (1991).

Given the policy objectives behind lien law, the strong protection of such liens by the North Carolina Constitution, the recognition of such property interests by North Carolina courts, the parallels between the UCC financing statement and the notice of claim of lien upon funds, and the industry standard and practical effect of such liens as articulated by Judge Howard, this Court agrees with Bankruptcy Judge Doub and AFFIRMS his holding that the appellees had an interest in property at the time of the filing of the bankruptcy petition and the service of their respective notices of claims of liens is a permitted exception to the Bankruptcy Code's automatic stay.

## CONCLUSION

Accordingly, the bankruptcy court's determination of the extent of the stay and holding that "[p]ostpetition service of a North Carolina statutory claim of lien on funds and the right to assert by subrogation the lien rights of the contractor against the real property pursuant to N.C.G.S. §44A-23 are permitted exceptions to the automatic stay pursuant to 11 U.S.C. §362(b)(3)" are AFFIRMED. The clerk is DIRECTED to close the file.

SO ORDERED.
This the 26 day of March, 2013.

TERRENCE W. BOYLE
United States District Judge